### K. A. HUBER ET AL. v. JULIA HILL ET AL.

#### Decided June 8, 1910.

**1.—Contract—Knowledge of Facts.**

In a suit upon a promissory note given for the purchase money of growing timber, the defense being that the payor had been induced to execute the note by false representations of the payee concerning the quantity and quality of the timber, evidence considered and held to support a finding that the parties to the contract stood and dealt upon a footing of equality as to knowledge of the facts and that the contract was therefore binding.

**2.—Same—Sale of Timber—Description.**

A contract for the sale of timber growing upon an excess or surplus of land over and above a certain number of acres of timber previously sold to another party, considered, and held to sufficiently identify the land and timber referred to in the contract.

**3.—Appeal—Brief—Insufficient Statement.**

As a substitute for a statement of the evidence pertinent to an assignment of error, a reference in the brief to the whole of the findings of fact by the trial judge, will not be accepted as a compliance with the rule on that subject.

**4.—Same—Grouping Assignments.**

When assignments of error which refer to different subjects are grouped and are not followed by proper statements, they will not be considered on appeal.

Appeal from the 61st Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*Chas. L. Michael,* for appellants.

*Fisher, Sears* and *Campbell* and *Griggs & Barkley,* for appellees.

FLY, ASSOCIATE JUSTICE.—Julia Hill, joined by her husband, George A. Hill, sued K. A. Huber and Frank Thoms on a promissory note for $905.86, executed by them on March 18, 1908, bearing eight percent interest, in which the consideration was stated to be timber on 196½ acres of land, sold by the Hills to Huber, being excess land embraced in a contract with Clara E. and L. W. Murdock. Thoms was sought to be held as a surety on the note.

Appellants pleaded general and special demurrers and general denial, and set up a contract of the Murdocks with the Hills, contract of Murdocks and Huber, fraudulent representations by Hills to Huber, failure of consideration, and filed a cross-action against the Murdocks and Hills.

Clara E. Murdock and her husband, L. W. Murdock, filed a cross-action against Huber, alleging that he was indebted to them on a certain contract in the sum of $446.56; that they had entered into a contract with Hill and wife by which they acquired the timber on a certain tract of land, estimated to contain 758 acres; that in their contract with the Hills it was agreed that their contract executed to the Hills should be paid in installments of $461, and upon payment of each installment title to the timber of 100 acres of land should pass

to them, the right of selection of the particular land being given to them; that the cross-plaintiffs had paid to the Hills all of their note except $880, and had acquired title to the timber of 500 acres of land, and that the Hills then sold the balance of $880 due on the note to K. A. Huber; and that the Hills, claiming an excess in the land of 196½ acres, conspired with Huber to defraud the cross-plaintiffs out of the timber acquired by them, it being the purpose to locate said excess on the land from which timber had not been cut, so that Huber could obtain the best timber at a less price than he had agreed to pay the Murdocks, and which they had sold to him at a fixed price. That in pursuance of the conspiracy, Huber, at the suggestion of Hill, attempted to set apart to cross-plaintiffs five hundred acres of land from which the timber had been cut. That the Murdocks paid off the $880 to Hill on account of Huber, but that Hill had refused to surrender the notes; that upon such payment the Murdocks became entitled to the timber on 100 acres of land, the timber only on 500 acres having been cut. That in 1908 the cross-plaintiffs had an accounting with Huber, in which it was agreed that upon a payment of $1,600 they would release him from further liability, and that in pursuance of that agreement Huber had paid them all but $446.56, in which sum he was still indebted to them, and that he would have paid that balance but for an injunction obtained by the Hills. That after the issuance of the injunction Huber did not cut any timber on land affected by it but cut 100,000 feet off of other land which was subject to the lien of cross-plaintiffs, but which was seized and converted, under a writ of attachment, by the Hills.

The cause was heard by the court without a jury, and judgment was rendered in favor of the Murdocks as against Huber for $446.56, with foreclosure of a lien to secure it on all the pine timber 10 inches in diameter, 18 inches from the ground, on 758 acres of land, described by field notes; that one-third of certain money in the hands of the sheriff be paid to the Murdocks, and that they should recover of the Hills, and Huber and Thoms one-third of the pine lumber on the ground of the 758 acres of land; that the Hills should recover of Huber and Thoms $905.85 with interest at eight percent from March 18, 1908, and a lien was foreclosed on the timber on an undivided 196½ acres of land out of a tract of 754.57 acres of land, described by metes and bounds, and on several other tracts. This appeal is prosecuted by Huber and Thoms.

In 1906, Hill and wife sold to Murdock and wife, all of the timber on 758 acres of land 10 inches in diameter 18 inches from the ground, for $800 cash and a note for $2,700. For the $800 title to all the timber on 100 acres passed to Mrs. Murdock, and the title to all the other timber remained in the Hills, 100 acres of timber passing to Murdock on payment of each $461. The Murdocks paid off the whole of the note given to the Hills. In January, 1907, the Murdocks sold their rights in the timber to Huber, at first for $3 a thousand feet, afterwards for the sum of $1,600, all of which he paid except $446.56.

On March 18, 1908, Hill and wife sold to Huber the timber on 196½ acres, which was a part of the land in excess of the 758 acres conveyed to the Murdocks, for 905.86, for which he gave his note with

Frank Thoms as security. He has not paid the same, nor any part thereof.

There is no representation made in the note as to the size of the timber, nor as to the amount. It is merely described as "the timber on 196-5/10 acres, being the excess land also embraced in a contract with Clara E. Murdock and L. W. Murdock." Hill swore that he made no representations as to where the land was situated, nor what kind of land it was. Huber knew the land and had been for a time cutting timber off of it. It was as open to his inspection as to that of Hill. The court was justified in finding that the charge of fraud on Hill's part was not established by the evidence. The contract was not made with reference to any certain 196½ acres of land, but in regard to a part of land in excess of the 758 acres of land, the timber on which had been sold to the Murdocks. Hill could not have known where the excess was, because he did not know what part had been set apart to the Murdocks. Huber must have known the part designated as belonging to the Murdocks, if there had been a designation, as he had bought out the Murdocks. Huber had a mill on the land and was more familiar with it than was Hill. He must have relied on his own judgment in making the purchase. Garrett v. Burleson, 25 Texas Supp., 41; Grymes v. Sanders, 93 U. S., 55.

As said in the last case cited: "The parties in dealing with the property in question stood upon a footing of equality. They judged and acted respectively for themselves. The contract was deliberately entered into on both sides. The appellant guaranteed the title and nothing more. The appellees assumed the payment of the purchase money. They assumed no other liability. There was neither obligation nor liability on either side, beyond what was expressly stipulated. If the property had proved unexpectedly to be of inestimable value, the appellant could have no further or other claim. If entirely worthless, the appellees assumed the risk, and must take the consequences."

The appellants never denied their liability until just before the suit was instituted. Hill thought there was enough timber on the land to secure him even after this suit was instituted, but afterwards discovered that it had all been cut, presumably by Huber. The land was designated in the contract by reference to a map to be attached to the contract, and Huber knew exactly where it was situated. There was no warranty as to the amount or quality of the timber in the contract. The court did not err in refusing to find that there was no timber on the land when the contract was made. Wolfkill, a witness for appellants, swore that the timber on the outside of the 758 acres would make about 30,000 feet.

The Murdocks, the Hills and appellants all recognized the right of the Hills to sell any surplus over the 758 acres of land, and under the terms of the contract between the Murdocks and Hills the timber on any excess of land over 758 acres was to be paid for by the Murdocks, and Huber having assumed that contract, was bound to pay such amount to the Hills. The amount specified in the note of Huber to Hill was merely an agreement as to what was due over and above the timber on the 758 acres. The Hills, by their contract of January 16, 1907, only sold to Huber the unfulfilled part of their contract with the

Murdocks for $880. This disposes of the third and fourth assignments of error.

Hill swore that he made no representations to Huber as to the timber on the 196½ acres of land, and his testimony was sufficient to uphold the finding of the court that fraud had not been proved. The judge who tried the case was the judge of the credibility of the witnesses, and his judgment thereon is binding on this court. This disposes of the fifth and sixth assignments of error.

Huber was on the Harris tract of land, had a sawmill thereon and was familiar with the timber on it. He must have taken his chances on the amount of timber on the land, and did not rely on any representations made by Hill.

Assignments of error nine, ten, eleven and twelve are overruled. The failure to attach a map of the land to the contract between Hill and Huber did not invalidate the contract. The land was sufficiently identified by its description of an excess of 196½ acres over the 758 acres sold to Murdock. There is nothing in the record that indicates that the map was not attached to the contract. Appellants assume in their brief that the map was not attached to the contract, but fail to point out any evidence to that effect. There was evidence tending to show that the contract was made with the map before the parties. It is contended by appellants that no designation was made of the land to which Murdock was entitled, and if that be true the Murdock land could not have been designated on the map, and it could have added nothing to the description of the 196½ acres. It is clear that neither of the parties knew the exact location of Murdocks' land and that they were contracting as to the land remaining after Murdocks' land was designated and set apart to him.

The statement under the thirteenth assignment, as well as others, refers to the whole of the findings of fact, which necessitates a scanning of the same to find the special finding referred to. This is not the kind of statement contemplated by the rules, and this court might well refuse to consider such a statement. We find, however, that in the 16th finding of facts the court concluded that a designation of the land "attempted to be made by Hill and Huber as per letter of March 19, 1908, was not authorized or equitable as to Murdock." How that finding could have had any effect on appellant's cause is not apparent and it is not attempted to be shown in the brief although nearly two pages are devoted to that finding.

The fourteenth assignment of error is that "the court erred in finding as a fact that Huber defaulted in his payment before making a kind of lump settlement wherein they agreed on $1,600 to be paid by Huber." Again the whole findings of fact are referred to; but the assignment is not supported by anything found therein. The court found nothing as to Huber having defaulted in his payments. The only finding was: "Huber having difficulty in paying, he and Murdock made a kind of lump settlement in which they agreed on $1,600 to be paid by Huber, of which all but $446.56 has been paid." That finding was amply sustained by the facts.

If all the timber has been cut off the whole land as contended by appellant, we are unable to understand how the foreclosure of a lien

on the timber on the whole tract, if such foreclosure had been ordered, could in anywise affect appellants. There was, however, a foreclosure only on timber on 196½ acres of land.

The seventeenth, eighteenth, nineteenth and twentieth assignments of error are grouped, and two of them refer to findings about an attachment and two to findings about an injunction. They refer to totally different subjects and are not followed by proper statements, and will not be considered.

The twenty-first assignment of error is without merit. The title to the timber on the 758 acres did not fail.

The twenty-second assignment of error is disposed of in considering other assignments.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.